**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

**No. 96-30362**
**Summary Calendar**
_____


**CILTA M. VALLIAR, on behalf of Jesse James Bernard,**

**Plaintiff-Appellant,**


**VERSUS**


**SHIRLEY S. CHATER, Commissioner of**
**Social Security Administration,**

**Defendant-Appellee.**



_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(95-CV-404)**
_____

December 16, 1996



Before REYNALDO G. GARZA, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

_____

[*] Local Rule 47.5 provides: "The publication of opinions that merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to this Rule, we have determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Cilta M. Valliar, acting on behalf of Jessie[1] James Bernard, her minor child, appeals from a judgment of the district court affirming the Social Security Administration's decision to deny disability benefits to her son. Because we find no error, we affirm the judgment of the district court.

Valliar filed a claim for Supplemental Security Income benefits based on disability with the Social Security Administration on September 9, 1992. The application was denied. Valliar sought and received an administrative hearing before an administrative law judge (ALJ) who ruled that benefits were properly denied. Following the denial of an administrative appeal, Valliar sued in the United States District Court for the Western District of Louisiana seeking judicial review. The district court granted the Commissioner's motion for summary judgment and Valliar appeals.

Our review of a denial of disability insurance benefits is limited to two issues: whether the Secretary applied the proper legal standards and whether the Secretary's decision is supported by substantial evidence on the record as a whole. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992). Valliar raises several issues on appeal.

---

[1] There is a discrepancy with respect to the spelling of his first name. Valliar's brief spells it "Jessie," while the case caption refers to him as "Jesse." We use Valliar's spelling in the body of the opinion.

An ALJ has a duty to develop the record fully and fairly as it relates to an applicant's claim for disability benefits. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). If the ALJ fails in this duty, his findings cannot be considered substantially justified by the evidence. *Id.* Nevertheless, we will not reverse the ALJ's decision unless the applicant can show that she was prejudiced. *Id.* The applicant can show prejudice by establishing that additional evidence would have been added to the record if the ALJ had properly fulfilled his duty and that this new evidence might have led to a different conclusion. *Id.* at n.22 (citation omitted).

Valliar claims, specifically, that the ALJ should have ordered further tests of Jessie's feet by an orthopedic specialist and should have, "at the very least," recontacted a treating psychologist with respect to the claim of mental disability. We disagree. Contrary to Valliar's assertions, the ALJ did discuss the opinion of Dr. Lane Sauls, whose findings could quite properly be viewed as inconsistent. Dr. Sauls states that Jessie "has a disabling problem with his ankles and feet" but, two paragraphs later, he makes the following statement: "I would say that the range of motion in his feet and legs is adequate; however, he does have *some handicap* in the severe flat feet." Tr. 113 (emphasis added). The ALJ's decision was not without supporting evidence in the record and he did not fail to develop the record. That the ALJ

3

chose to rely upon the part that favored a finding of no disability is not a ground for error where other doctors supported this conclusion as well. Likewise, we find no error in the manner in which the ALJ analyzed Valliar's claim of mental disability. There is sufficient evidence in the record to support the ALJ's determination here as well. The ALJ is not required to order consultative examinations unless he feels there is insufficient evidence to support a finding. He obviously felt there was sufficient evidence, a position with which we agree.

Valliar next claims that the ALJ erred in not discussing Jessie's asthmatic condition, asserting this condition was a nonexertional disorder that would limit the range of work an adult could perform. However, our review of the record shows that the ALJ did in fact discuss his condition in his decision. He did not include mention of it in his findings, apparently finding it was not severe. No medical evidence in the record suggests that the condition was serious or that it did not respond to medicine. We find no error here.

Valliar's final claim relates to new evidence that she claims requires a remand to the agency for further proceedings. This new evidence is a report from a treating orthopedic surgeon, Dr. Dale Bernauer, stating, *inter alia*, that the previously performed surgery pnly aggravated the condition and that additional surgery should not be sought. The report concluded that Jessie should only

4

seek work that permits him to do his job sitting down. This report is dated August 8, 1995, well over three months before the magistrate judge issued his report and recommendation to the district court. Nevertheless, Valliar did not bring it to the attention of the magistrate. Instead, she waited until she filed her objections to the magistrate's report to raise this issue.

Issues raised for the first time in objections to the magistrate's report are not properly before the district court and therefore are not cognizable on appeal. *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994), *cert. denied,* 115 S. Ct. 1128 (1995). The district court may construe an issue raised in this fashion as a motion to amend the complaint, but its failure to do so is reviewed for abuse of discretion. Valliar has not explained why she did not raise the issue of the new evidence earlier, leaving us with no choice but to affirm the district court's decision not to entertain it.

Regardless, the ALJ did not base his decision on the possibility that future surgery might alleviate Jessie's condition. Rather, he felt that the condition as it then existed did not amount to a disability. Thus, we cannot say that there is any probablity, let alone a "reasonable" probability, "that this new evidence would change the outcome of the [Commissioner's] decision," a required showing for a remand. *Ripley*, 67 F.3d at 555.

5

In conclusion, we find that the district court did not err in granting summary judgment to the defendant.

AFFIRMED.